UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIN MCCULLOR, as Guardian and
Conservator of WILLIAM EDWARD POLHEMUS II,
an Incapacitated Individual, and KRISTIN
MCCULLOR, for herself and as Next Friend of
BODE CHRISTIAN WILLEM POLHEMUS and
FINN IAN EDWARD POLHEMUS, minors

Case No. 1:20-cv-194
Hon. Hala Y. Jarbou

    Plaintiffs,
v

SA TRANSWORLD LLC, a Domestic Limited
Liability Company, QUENTIN TAMAL SALLIE and
XTRA LEASE LLC, a Limited Liability Company,
    Defendants.
_____/

| | |
|---|---|
| SAMUEL H. PIETSCH (P30173)<br>VEN R. JOHNSON (P39219)<br>ANTHONY P. SINISHTAJ (P82128)<br>Johnson Law, PLC<br>Attorneys for Plaintiffs<br>535 Griswold St., Suite 2632<br>Detroit, MI  48226<br>(313) 324-8300; (313) 324-8301 – fax<br>spietsch@venjohnsonlaw.com<br>sjuncaj@venjohnsonlaw.com | LINDSAY N. DANGL (P73231)<br>Murphy Spagnuolo, PC<br>Attorneys for Defs SA Transworld & Sallie<br>2123 University Park Dr., Suite 130<br>Okemos, MI  48864<br><br>ANGELA K. HARMON-KUHL (P57921)<br>Harmon-Kuhl & Associates<br>Attorneys for Defendant XTRA LEASE<br>500 Woodward Ave., Suite 3500<br>Detroit, MI  48226<br>(313) 965-8300 |

_____/

**PLAINTIFFS'** _**AMENDED**_ **MOTION FOR APPROVAL OF SETTLEMENT AND DISTRIBUTION OF PERSONAL INJURY PROCEEDS AND REQUEST FOR ORAL ARGUMENT**

NOW COME Plaintiffs, by and through their Attorneys, JOHNSON LAW, PLC, and for their Motion for Approval of Settlement and Distribution of Personal Injury Proceeds and a request for oral argument, state as follows:

1. Kristin McCullor, spouse of Plaintiff William Edward Polhemus, has been appointed his Guardian and Conservator, and has a consortium claim in her own right in this case.

2. Mr. Polhemus suffered profound head trauma and brain injury, among other damages, in a motor vehicle collision that occurred on April 15, 2018.

3. The recent neuropsychological evaluation, attached as **Exhibit A** confirms the profound nature of these impairments and limitations. Mr. Polhemus requires inpatient residential treatment due to the profound nature of his brain injury.

4. A settlement for the policy limits applicable to the Defendants has been reached between Plaintiff and the Defendants in this matter.

5. This amount has been documented and verified as the policy limits that are available to cover the Defendants in this case.

6. Defendants have also provided sufficient financial background to document the fact that pursuit of an excess judgment against the Defendants would not be a productive endeavor to pursue on behalf of Plaintiffs.

7. Case costs advanced by counsel in this case total an amount to be itemized in an attachment to be filed prior to the hearing in this matter.

8. After deduction of case costs, a one-third attorney fee totals an amount to be itemized in an attachment to be filed prior to the hearing in this matter.

9. There remains a gross amount for distribution to Plaintiffs of an amount to be itemized in an attachment to be filed prior to the hearing in this matter.

10. Plaintiff's medical and wage loss expenses are covered by workers compensation, given that he was within the scope and course of his employment at the time of this incident.

11. The workers compensation carrier has asserted a lien of more than the policy limits against the tort recovery in connection with this case (see **Exhibit B**). The great majority of these costs are associated with the expenses involved in full-time inpatient residential traumatic brain injury care.

12. Plaintiffs' counsel will negotiate with the workers compensation carrier to resolve this lien, leading to a resolution that preserves the maximum possible resources from the settlement for the benefit of Plaintiff and his family.

13. After such negotiation, there will remain an adjusted amount for distribution to Plaintiffs to be itemized in an attachment filed prior to the hearing of this motion.

14. Given that Plaintiff William Edward Polhemus, II's medical and wage loss expenses are currently being reimbursed by workers compensation, his spouse and Conservator, Kristin McCullor, respectfully submits that it is in the best interest of the family that all of the adjusted amount for distribution be assigned to her, in order to defray immediate and ongoing expenses for management of her household, including the care and education of her teenage sons Bode and Finn Polhemus.

WHEREFORE, Plaintiff, by and through his Conservator and spouse, Kristin McCullor hereby requests the following relief:

1. approval of the settlement for the amount of the policy limits;

2. authority of Kristin McCullor to execute such closing documents as may be deemed necessary to effect the disposition of this matter;

3. approval of case costs advanced by counsel, and a 1/3 attorney fee in favor of Johnson Law, PLC, in amounts to be itemized in an attachment filed prior to the hearing of this motion;

4. authority granted to Johnson Law, PLC to negotiate the workers compensation lien being asserted against the tort recovery to the maximum possible benefit of Plaintiff; and

5. release of the amount for distribution to Plaintiff Kristin McCullor, after deduction of case costs advanced, attorney fees and resolution of the workers compensation lien, entirely to Kristin McCullor, as Conservator and Guardian, and spouse, of William Edward Polhemus, II, and as parent of their minor children Bode and Finn Polhemus, to be used in her sound judgment for the care and support of her family.

Respectfully submitted,

JOHNSON LAW, PLC

BY: */s/ Samuel H. Pietsch*
SAMUEL H. PIETSCH (P30173)
VEN R. JOHNSON (P39219)
ANTHONY P. SINISHTAJ (P82128)
Attorneys for Plaintiffs

Dated: October 19, 2020

## BRIEF IN SUPPORT OF MOTION

I. **Background Information**

This third-party motor vehicle case arises from a collision that took place in Eaton County, Michigan during the early morning hours of April 15, 2018. Edward Polhemus, II, a then-62-year-old information technology consultant was driving a 2018 Dodge Caravan on I-96 near West Saginaw Highway when it collided with a jackknifed semi-trailer that was spanning the traveled lanes of the expressway.

4

The tractor portion of the jackknifed vehicle was owned by Defendant SA Transworld LLC.  The tractor was attached to a trailer that had been leased to SA Transworld LLC by Defendant XTRA Lease LLC.

Mr. Polhemus suffered, among other injuries, a devastating traumatic brain injury that has left him unable to work, and in need of 24-hour residential inpatient care. Exemplar medical records to confirm the extent of his injuries and limitations are attached as **Exhibit A**.

Mr. Polhemus's immediate family consists of his spouse, Kristen McCullor (age 54), as well as their sons Bode (age 16) and Finn (age 14).  Prior to the collision, the family resided together at their home in Newport Beach, CA.  Kristin McCullor is a recently retired flight attendant and union official with American Airlines.

In anticipation of litigation, Ms. McCullor was appointed Guardian and Conservator of her husband's estate.  A lawsuit was filed against SA Transworld in 2019, claiming economic and non-economic damages.  During the course of discovery, it was learned that the trailer attached to the SA Transworld tractor was not owned by SA Transworld, but was leased from Defendant Xtra Lease LLC.

Given the presence of a second potentially liable Defendant, Plaintiffs' original circuit court lawsuit was amended to add Xtra Lease LLC as a defendant.  Xtra Lease moved to remove the case from state court to federal court in early 2020, based upon diversity of citizenship and amount in controversy.  For that reason, the case is pending before this Honorable Court.

As a result of discovery taken in this case, as well as a facilitation held by Thomas R. Behm of Grand Rapids, MI, the parties agreed, on October 7, 2020, to a

5

settlement of this case in the amount of the policy limits available to Defendants. That figure represents the policy limits of insurance available to Defendant SA Transworld. Co-Defendant Xtra Lease is a named insured also covered by that policy. During the course of the facilitation, Defendant SA Transworld presented to the facilitator satisfactory evidence that the financial status of SA Transworld was one of many debts and few assets. The considered opinion of counsel, in collaboration with Plaintiff Kristin McCullor, is that further pursuit of this case, in view of the financial status of the Defendant, would represent an expenditure of time and resources that would not be rewarded by a more favorable financial outcome.

The parties therefore respectfully request approval of the Court to the terms of the settlement, which include not only payment of the policy limits available to Defendants to the Plaintiff, but also a full and complete release of both Defendants and their representatives, a confidentiality agreement between the parties regarding the amount of the settlement, and the expressed condition that the settlement is being offered not as an admission of liability, but rather of an attempt to resolve the matter amicably.

## II.    Medical Documentation

The medical records attached as *Exhibit A* provide a chronology of the extensive and costly medical treatment that Mr. Polhemus has incurred as a result of his profound brain injury. He also suffered left frontal lobe hemorrhage, diffused bleeding throughout the brain, a collapsed lung, extensive facial lacerations, adrenal gland hematoma, multiple fractures of the left ribs and injuries that were described in the emergency room

as "severe polytrauma and life threatening."   He has been placed in several different residential settings since being returned from Michigan, and is currently a resident at Learning Services Neurobehavioral Institute in Lakewood, Colorado.

In a recent March 3, 2020 evaluation, Dr. Vibhay Prasad noted that Mr. Polhemus still had "periods of agitation" and was "prone to overstimulation." He also noted that although Mr. Polhemus was set up to supervise his self-care, he still required maximum assistance and was dependent for higher order cognitive skills. Dr. Prasad recommended transition to a full-time assisted living facility.

Neuropsychologist Robert Tomaszewski conducted a neuropsychological assessment of Mr. Polhemus on June 23, 2020. Sadly, Dr. Tomaszewski's records show that Mr. Polhemus is still plagued, and will likely be permanently plagued, by extensive cognitive deficiencies. Dr. Tomaszewski found that Mr. Polhemus suffered from limited deficit awareness; memory impairment; receptive and expressive language deficits; impaired reading and auditory comprehension, naming, oral production, and writing; attention deficit; math deficit; reasoning and judgment impairment; dizziness; vision problems, corrected with prism lenses; behavioral regulation problems with intermittent verbal aggression and rare episodes of property destruction or physical aggression; and Emotional dysregulation with primarily hypomania features such as rapid speech, restlessness, unrealistic expectations, and overly euphoric mood.

Despite Mr. Polhemus's premorbid cognitive abilities being estimated within the high-average range (75-90th percentile), "his current cognitive abilities were generally within the extremely low to low range [<1% and 2-8%, respectively]." Dr. Tomaszewski diagnosed Mr. Polhemus with  major neurocognitive disorder due to traumatic brain

injury with behavioral disturbance, bipolar and related mood disorder due to traumatic brain injury with manic features, and diffuse traumatic brain injury with loss of consciousness of 30 minutes or less. Regarding causation of the brain injury, Dr. Tomaszewski apportioned "100% of Polhemus's severe cognitive impairment and mood disorder . . . [to] motor vehicle collision on April 15, 2018." Regarding the extent of disability, Dr. Tomaszewski found that Mr. Polhemus's mental deficiencies are "permanent and stationary. He is totally disabled due to traumatic brain injury resulting in permanent mental incapacity."  (see attached medical report).

### III.    Distribution of Settlement Proceeds

At the time of the filing of this motion, the total amount of case costs advanced in preparation of this case has not been completely determined.  That amount will be provided to the Court subsequent to the filing of this motion, but before the hearing, as will several of the other financial considerations explained in the following description.

After deduction of case costs advanced from the gross settlement of the policy limits, an attorney fee of 33 1/3% (one-third) has been agreed upon the Plaintiff and counsel.  Subtraction of the case costs advanced, and the one-third attorney fee (again to be calculated precisely once total case costs have been ascertained) will leave an "amount for distribution" to the Plaintiffs in an amount that will follow from the above calculations.

Because Mr. Polhemus was in the course of his employment at the time of his injury, workers compensation has defrayed the financial obligations for medical care and partial wage loss that have accrued as a result of the collision.   The total amount of

reimbursement expended by workers compensation to date exceeds the total amount of the settlement (see **Exhibit B**, updated statement of workers compensation benefits paid).

However, because Michigan law prohibits a workers compensation carrier from claiming a lien against a third-party automobile recovery (see *Great American Ins Co* v *Queen,* 410 Mich 73 (1980), the extent of the workers compensation lien is limited to benefits that would not otherwise be available under no-fault. In other words, wage loss beyond three years after the collision would be a potential source of lien in a case such as this. The three-year anniversary of the collision has not yet occurred, so there is no amount that workers compensation can currently as a lien against the proceeds.

Plaintiffs' counsel is in negotiation with the workers compensation carrier to attempt a resolution of the potential future wage loss benefits in an amount that is most favorable to Plaintiff and his family.

Plaintiffs' counsel is involved in discussions with Plaintiff's workers compensation attorney regarding a potential "global" redemption of all workers compensation benefits, that would include satisfaction of potential liens, in a transaction that is separate from settlement of this matter.

After deduction of the workers compensation lien resolution amount from the "amount for distribution" to which Plaintiffs are entitled, there will be a final "adjusted amount for distribution" available to the Plaintiffs.

## IV.     Relief Sought

Edward Polhemus, II has unfortunately suffered brain injuries that will necessitate his being cared for in a supervised setting on a permanent basis. Nothing in his medical records to date suggest that he will ever return to gainful employment, much less be able to manage financial or business decisions on his own.

For these reasons, Plaintiff Kristin McCullor, as his Guardian and Conservator, as well as his spouse with a consortium claim, respectfully requests that the Court designate all of the adjusted amount for distribution to her for the benefit and care of herself and her family members going forward. Plaintiffs respectfully points to authority for the Court to exercise such discretion under FRCP 17(C). Great discretion is provided to the Court under that rule with respect to allocation settlements in a way that is equitable and reasonable in cases where legally incompetent persons are involved. The rule states:

"(c) MINOR OR INCOMPETENT PERSON. (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary"

The discretion of the Court to make reasonable inquiry and to order equitable distribution of settlement proceeds is affirmed in cases such as *Robidoux v Rosengren*, 638 F.3d 1177, 1181 (9th Cir 2011) ("District courts have a special duty, derived from Fed. R. Civ. P. 17(c), to safeguard the interests of litigants who are minors [or incompetent persons] . . . . this special duty requires a district court to 'conduct its own

10

inquiry to determine whether the settlement serves the best interests of the minor [or incompetent person].').)" This sentiment is also echoed in the 6th Circuit (see *Green v Nevers*, 111 F.3d 1295, 1301 (6th Cir 1997), holding that the trial court must approve settlement under the Michigan Wrongful Death Act "as a safeguard to protect the interests of the claimants."; see also Greer v City of Highland Park, 2019 U.S. Dist. LEXIS 24665 (E.D. Mich 2019), extending the holding of *Green v Nevers* and applying that standard to settlement for minors).

The emotional and financial burden than have been imposed upon Mr. Polhemus's family as a result of this collision have been catastrophic in their own right. As Kristin McCullor will testify at the hearing, workers compensation and Social Security Disability are by no means adequate to sustain the standard of living, and the financial obligations, under which her family had previously operated.

Plaintiff Kristin McCullor therefore respectfully submits that the best resolution of a very precarious financial situation is for the entire adjusted amount for distribution to be assigned to her, so that she can maintain the family household obligations and continue to provide adequate financial support to her two teenaged sons.

**V.**     **Conclusion**

This automobile negligence case has resulted in tragic consequences to Mr. Polhemus, as well as to his family members.  While the Defendants have tendered the amount of insurance they have available to them as a gesture of resolution, the fact remains that the amount available to the Polhemus family will not be adequate to fully compensate them for all of the financial and emotional losses they have suffered.

Nonetheless, the practicalities of the situation strongly suggest, and Plaintiff Kristin McCullor respectfully urges the Court to find, that the most equitable resolution of this matter is to assign all of the adjusted amount for distribution in this case to her. Counsel will present a proposed Order to the Court that expressly states that such designation of funds, together with the mandate that all such funds shall be used for the care and benefit of her family, and for no other purpose.

Respectfully submitted,

JOHNSON LAW, PLC


BY:   */s/ Samuel H. Pietsch*
     SAMUEL H. PIETSCH (P30173)
     VEN R. JOHNSON (P39219)
     ANTHONY P. SINISHTAJ (P82128)
     Attorneys for Plaintiffs

Dated:   October 19, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause at their respective addresses disclosed on the pleadings on the 19th day of October, 2020 by:

☐ US Mail Delivery    ☐ Hand Delivery
☐ Overnight Courier    ☐ Facsimile
☐ E-Correspondence    ☒ E-File & Serve


    */s/ Sache Juncaj*
SACHE JUNCAJ